NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-1266
_____

UNITED STATES OF AMERICA

v.

CLEMENT BOUGOUNEAU,
                              Appellant

_____

On Appeal from the District Court
of the Virgin Islands
District Court No. 3-19-cr-00017-001
District Judge:  The Honorable Curtis V. Gomez
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
December 7, 2020

Before: SMITH, *Chief Judge*, CHAGARES, and MATEY, *Circuit Judges*

(Filed: December 24, 2020)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SMITH, *Chief Judge*.

Clement Bougouneau "serviced" an automated teller machine (ATM) by stealing $70,000 from it. He argues on appeal that the jury's guilty verdict was based on insufficient evidence and that the District Court improperly admitted evidence that prejudiced him. But because the jury's guilty verdict was supported by ample evidence, his sufficiency challenge fails. Nor does his belated argument concerning his supervisor's testimony show prejudicial plain error: Bougouneau repeated the same testimony when he later testified at trial. We will affirm.

## I.

Bougouneau was employed by Ranger American, a security company that services ATMs at Banco Popular, a bank with a branch in St. John. When the ATMs are serviced, several procedures must be followed. For starters, two uniformed employees drive an armored vehicle to the bank. The employees open the ATM and exchange full canisters containing cash deposited by customers with empty canisters. Then, the two employees deliver the full canisters to a cash depot on St. Thomas. A separate component of the ATM—which the employees do not access—contains sealed cash cassettes that contain stacks of $20 bills for ATM withdrawals. A cassette may be unsealed only with prior authorization; if a cassette is accidentally unsealed, a report must be filed.

Despite these procedures, on Labor Day 2017—a day Banco Popular was closed—Bougouneau, alone and in civilian clothes, drove his SUV to Banco Popular. Video surveillance showed Bougouneau opening an ATM, placing the money from the full deposit canisters into an envelope, and putting the empty canisters back into the machine.

2

Then, one-by-one, Bougouneau took three of the four sealed cash cassettes behind a door in the ATM room which was out of the camera's range. When Bougouneau reappeared from behind the door, the cassettes' seals were missing. He placed the unsealed cassettes back in the ATM. Ranger American did not give Bougouneau prior authorization to unseal the cassettes and he did not file a report after doing so. Most importantly, no money was delivered to the St. Thomas cash depot.

The following day, the ATM ran out of cash. It should have contained $70,000 available for customers to withdraw. That evening, the ATM was boarded up in anticipation of Hurricane Irma's impending landfall. It remained unused for several months during hurricane recovery. In November, Bougouneau, along with Ranger American's ATM Operating Manager, Lillian De Jesus, went to inspect the ATM. When they opened it, they observed three empty cassettes with missing security seals.

Bougouneau was later charged with bank burglary under 18 U.S.C. § 2113(a) and bank larceny under 18 U.S.C. § 2113(b). At trial, De Jesus testified as to ordinary ATM servicing procedures, and specifically about the November ATM inspection. And she also pointed out, when shown the Labor Day surveillance video, that the cassette seals were in place before Bougouneau went behind the door and that they were absent when he came back into view. She provided this testimony even though she was not physically present at the bank on Labor Day and therefore lacked personal knowledge of what had occurred. Bougouneau did not object, although he repeatedly objected to other aspects of De Jesus's testimony.

3

On three occasions outside of the presence of the jury, the District Judge sua sponte reminded counsel that a witness should not comment on evidence unless she was a percipient witness to an event, referring to De Jesus's video narration. Each time, the Judge asked, "What's the Defense's position?" or a question of similar purpose. JA 214. Bougouneau responded only once when he told the Judge he had mistakenly objected to De Jesus's testimony under Federal Rule of Evidence 404(b) "but should have went into [Rule] 602." *Id.* The Judge said that if a Rule 602 issue arose, "the Court will do what it has to, which is to instruct [the jury] to disregard those two statements." JA 268. But Bougouneau did not request that the Judge strike the testimony or provide a curative instruction.

Bougouneau then took the stand. On direct examination, he admitted that he removed the seals from the cassettes but denied stealing any money. The jury convicted him on both counts, and Bougouneau timely appealed.[2]

## II.

Bougouneau now objects to De Jesus's video narration, but he forfeited this objection by not raising it before the District Court. Forfeiture is the inadvertent "failure to make the timely assertion of a right." *Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 147 (3d Cir. 2017). On three separate occasions, the Judge raised the potential impropriety of De Jesus's video narration. Only once did Bougouneau say he had intended to raise a Rule 602 objection but had mistakenly objected under Rule 404(b),

---

[2] The District Court had jurisdiction under 18 U.S.C. § 3231 and 48 U.S.C. § 1612. We have jurisdiction under 28 U.S.C. § 1291.

4

when actually he had not objected at all. By failing to request that the Judge strike De Jesus's testimony, even after an apparent invitation from the Judge, Bougouneau forfeited any related claim of error.

But even when a claim of error has been forfeited, we may subject the claim to discretionary review if there was a "plain error that affects substantial rights." *Puckett v. United States*, 556 U.S. 129, 135 (2009). When reviewing for plain error, we look for a clear error that "affected the outcome of the district court proceedings." *Id.* Even if the District Court had plainly erred—which we doubt—Bougouneau cannot show that De Jesus's narration of the surveillance video affected the outcome of the proceedings. Bougouneau himself testified that he removed the cassette seals, and therefore corroborated De Jesus's testimony.

Bougouneau also challenges the sufficiency of the evidence underlying his conviction. When we review the sufficiency of evidence, we "view[] the evidence in the light most favorable to the prosecution" and determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Caraballo-Rodriguez*, 726 F.3d 418, 424–25 (3d Cir. 2013) (emphasis omitted). Bougouneau contends he cannot be guilty of bank burglary—which requires entering any part of a bank with intent to steal—because he entered the bank with intent to service the ATM. But given the evidence, including that Bougouneau appeared alone at the ATM and disregarded many of Ranger American's servicing procedures on a day that Banco Popular did not request his services, a rational jury could find that Bougouneau entered the bank with intent to steal.

Bougouneau also argues he cannot be guilty of bank larceny because the offense requires taking money in excess of $1,000 from a bank. He says the Government can't prove he took more than $1,000. Again, a rational jury could find that, since the ATM should have contained $70,000 but was found to be empty, Bougouneau helped himself to an amount in excess of $1,000.

Bougouneau admitted to removing the cassette seals, and there was sufficient evidence for the jury to find him guilty of bank burglary and bank larceny beyond a reasonable doubt. We will affirm.